**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BENYEHUDAH WHITFIELD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 07-cv-819-WDS** |
| | ) | |
| **C/O ADAMSON,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff filed the instant action accompanied with a motion to proceed in forma pauperis (*see* Docs. 1, 3). On January 8, 2008, the Court granted Plaintiff's *in forma pauperis* motion (Doc. 5) The Court assessed the payment of an initial partial filing fee and directed that monthly payments be made towards the filing fee from Plaintiff's prison account. *Id.* The Court now revisits that decision, *sua sponte*.

**DISCUSSION**

Title 28 U.S.C. § 1915 gives authority to federal courts to "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees[.]" That authority, however, is constrained by § 1915(g) which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief my be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision is sometimes referred to as the "three strikes rule." When an action is dismissed as frivolous, malicious, or for failing to state a claim, it is sometimes stated that such dismissal is a "strike" for purposes of § 1915(g). If a prisoner accumulates three "strikes" he is out of luck in so far as proceeding *in forma pauperis*, unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A court reviewing a prisoner's motion to proceed *in forma pauperis* must determine whether the prisoner has accumulated 3 or more prior "strikes." If so, the prisoner cannot proceed *in forma pauperis* (unless he alleges that he is under "imminent danger of serious physical injury"). Because § 1915(g) operates to prevent an action from being "brought" if the prisoner has "on . . . ***prior*** occasions" accrued too many strikes, strikes incurred *after* an action is "brought" do not factor into the Court's *in forma pauperis* analysis.

The instant complaint was filed on November 26, 2007. Consequently, this Court must examine any dismissals occurring prior to that date in any of Plaintiff's other civil actions. In that search, the Court has discovered at least four cases in which Plaintiff had a complaint or portion of a complaint dismissed prior to November 26, 1007.

In *Whitfield v. IDOC*, Case No. 02-cv-50387 (N.D. Ill., filed Dec. 2, 2002), the district court dismissed several claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Although the Court allowed other claims asserted by Plaintiff to go forward, this dismissal counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004). This is strike one.

In *Whitfield v. Snyder*, Case No. 03-cv-3014 (C.D. Ill., filed Jan. 15, 2003),the district court dismissed several claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28

U.S.C. § 1915A. Again, even though the Court allowed other claims asserted by Plaintiff to go forward, this dismissal counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d at 607-08; *Boriboune v. Berge,* 391 F.3d at 855. This is strike two.

In *Whitfield v. Ford*, Case No. 05-cv-3218 (C.D. Ill., filed Aug. 5, 2005), the entire action was dismissed for failure to state a claim. This is strike three.

In *Whitfield v. Circuit Court of Lee County*, Case No. 06-cv-50138 (N.D. Ill., filed Oct. 2, 2006), the entire action was dismissed for failure to state a claim. This is strike four.

Because these dismissals count as strikes, Plaintiff has "struck out." A review of Plaintiff's allegations do not indicate that he is under "imminent danger of serious physical injury." Consequently, Plaintiff may not proceed as a pauper.

**IT IS HEREBY ORDERED** that the order granting Plaintiff's motion for leave to proceed *in forma pauperis* is **VACATED**, and such leave is **REVOKED** and **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $350 for this action within **FIFTEEN (15) DAYS** of the entry of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Memorandum and Order in the time allotted, this case will be closed for failure to pay the filing fee and for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED: October 8, 2008.**

**s/ WILLIAM D.  STIEHL**
**DISTRICT JUDGE**